IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY A. BANKS-BENNETT,** | : | CIVIL ACTION NO. |
| Plaintiff, | : | 1:CV-01-1241 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **INGRAM MICRO U.S., et al.,** | : | |
| Defendants. | : | |

FILED
HARRISBURG
JUN 1 9 2002
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

### MEMORANDUM AND ORDER

On July 3, 2001, Plaintiff filed a complaint with this Court, alleging that Defendants Ingram Micro U.S. ("Ingram") and multiple employees of Ingram discriminated against her because of her race, sex and/or age when failing to hire her as a permanent box picker or shipping clerk, and when terminating her temporary employment. Plaintiff also asserts a claim for hostile work environment. Shortly after filing her complaint, Plaintiff informed the Court she had suffered from a stroke and was in need of legal assistance in order to properly prosecute her claims. The Court was unable to find pro bono counsel to represent Plaintiff, and informed her that she would be required to proceed on her own. See 3/6/2002 Order.

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(e), requesting a more definite statement. In the motion, they ask the Court to dismiss the complaint on several procedural grounds: (1) the complaint is not in the required format in that it does not contain numbered paragraphs or separate counts, and does not specify what charges are being levied against which defendants; (2) the complaint does not specify the grounds for federal jurisdiction; and (3) Plaintiff has not effected service on Defendant Vicki Smith.

Defendants were able to ascertain several claims from Plaintiff's complaint. Indeed, reading the complaint and Plaintiff's brief in opposition to the motion to dismiss, it is clear that

this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff is bringing suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. However, it is difficult for the Defendants to respond to the complaint when they do not know which of them is being charged with what violations of the law. Therefore, even reading the complaint liberally, as this Court does for all pro se filings, see Boag v. MacDougall, 454 U.S. 364, 365 (1982); Todaro v. Bowman, 872 F.2d 43, 44 n. 1 (3d Cir. 1989), the Court finds merit to Defendants' arguments.

Even though the Court construes pro se filings liberally, a pro se plaintiff is still required to adhere to the Federal Rules of Civil Procedure and the Local Rules. Federal Rule of Civil Procedure 10(b) requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b). Thus, the complaint is required to contain numbered paragraphs and separate counts. Each count should contain a brief statement regarding which defendant allegedly violated what law, and how. For example, a plaintiff might state that "Defendant X discriminated against be by firing me because of my race," followed by a short description of the allegedly discriminatory action. With such a complaint, the Defendants will be in a position to respond fully and meaningfully to the charges against them. Plaintiff's present complaint does not even refer to many of the named Defendants, and thus it is impossible for the Defendants to respond individually to the complaint.

Therefore, the Court will grant the motion to dismiss, and allow Plaintiff thirty days to submit an amended complaint. Defendants will then have the regular time allotted by the Rules to respond, either with a comprehensive motion to dismiss, and answer to the complaint, or other permitted responsive pleading.

**AND NOW**, therefore, **IT IS ORDERED THAT** the motion to dismiss is **GRANTED** with leave to amend. Plaintiff shall have thirty (30) days to file an amended complaint containing a more definite statement of her claims. Should Plaintiff fail to do so in the allotted time, the Court will direct the Clerk of Court to close the file.

_____
Yvette Kane
United States District Judge

Dated: June 18th, 2002.