IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY A. BANKS-BENNETT,<br>Plaintiff, | : | CIVIL ACTION NO.<br>1:CV-01-1241 |
| v. | : | (Judge Kane) |
| INGRAM MICRO U.S., et al.,<br>Defendants. | : | |

FILED
HARRISBURG

SEP 3 0 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

On June 19, 2002, this Court conditionally granted Defendants motion to dismiss allowing Plaintiff leave to amend her complaint to comply with the requirements of the Federal Rules of Civil procedure. In response to the June 19, 2002 order, Plaintiff has submitted two documents to this Court.[1] These documents, when read liberally, comply with this Court's order and therefore the Defendants' August 28, 2001 motion to dismiss must be reconsidered. For the reasons that follow, the motion shall be granted in part and denied in part.

**Background**

On July 3, 2001, Plaintiff filed a pro se complaint with this Court, alleging that Defendants Ingram Micro U.S. ("Ingram") and multiple employees of Ingram discriminated against her because of her race, sex and/or age when failing to hire her as a permanent box picker or shipping clerk, and when terminating her temporary employment. Plaintiff also asserts a claim for hostile work environment and a retaliation claim under Title VII of the Civil Rights Act of 1964. Shortly after filing her complaint, Plaintiff informed the Court she had suffered from a

---

[1] Although Plaintiff has filed documents in response to the Court's June 19, 2002 order, it is unclear from the Plaintiff's certificate of service whether the Defendants have been served copies of the these documents (Doc. Nos. 14 and 15). The Court, therefore, shall order the Clerk of Court to serve the copies on the Defendants.

stroke and was in need of legal assistance in order to properly prosecute her claims. The Court was unable to find pro bono counsel to represent Plaintiff, and informed her that she would be required to proceed on her own. See 3/6/2002 Order.

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b). In the motion, Defendants ask the Court to dismiss the complaint on several procedural grounds: (1) the complaint is not in the required format in that it does not contain numbered paragraphs or separate counts, and does not specify what charges are being levied against which defendants; (2) the complaint does not specify the grounds for federal jurisdiction; and (3) Plaintiff has not effected service on Defendant Vicki Smith. Since the Defendants were able to ascertain several claims from Plaintiff's complaint and since it was clear that this Court has federal question jurisdiction,[2] on June 19, 2002, this Court conditionally granted the Defendants' motion to dismiss and provided Plaintiff with thirty (30) days to make a more definite statement of her claims and conform to the technical requirements of the Federal Rules of Civil Procedure. On July 16, 2002, Plaintiff filed two documents that, when read liberally, conform to the requirements of the Court's June 19, 2002 order.

**Discussion**

A pro se complaint must be liberally construed and held to a less stringent standard than formal pleadings. Estelle v. Gamble, 429 U.S. 97 (1976). In keeping with this mandate, courts have been hesitant to grant dispositive motions against a pro se plaintiff solely on technical grounds and have required that litigants be appraised of their obligations before such a motion is

---

[2] This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff is bringing suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

2

granted.[3]

In deciding a motion to dismiss, this Court must accept all factual allegations of the complaint as true and dismiss the complaint only if it appears to a certainty that no relief could be granted under any set of facts which could be proven. D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1367 (3d Cir. 1992). A pro se Plaintiff's complaint will be "deemed to allege sufficient facts if it is adequate to 'put the proper defendants on notice of the essential elements of plaintiffs' cause of action." Holder v. City of Allentown, 987 F.2d 188 (3d Cir. 1993) (quoting District Council 47, AFSCME v. Bradley, 795 F.2d 310, 313 (3d Cir. 1986). The Court of Appeals for the Third Circuit discussed the specificity requirement for civil rights complaints in Frazier v. Southeastern Pa. Transp. Auth., 785 F.2d 65, 67 (3d Cir. 1986). In Frazier, the court noted that broad and conclusory unsupported factual allegations are not sufficient to withstand a motion to dismiss. Id. To put defendants on notice, at a minimum, a plaintiff must include in the complaint the conduct violating his rights, the time and place, and those responsible. Id.

When read together, Plaintiff's filings include all three minimum requirements. In her initial complaint, Plaintiff asserts the dates and the place of the allegedly discriminatory action and names Bill Munley, Ken Goodman, and Vicki Smith as those responsible for violating her

---

[3] In the context of motions for summary judgment, see, e.g. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (the pro se plaintiff should be "advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him"); Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C.Cir.1968) (before entering summary judgment the court should at a minimum provide party with "fair notice requirements of the summary judgment rule"); Gay v. Wright, No. 90-0770, 1990 WL 145553 (E.D. Pa. Sept. 27, 1990) (pro se plaintiff afforded extra time to respond to summary judgment motion and alerted to the fact that failure to respond to the motion would result in an uncontested motion).

rights. The Plaintiff has, however, failed to properly serve Defendant Vicki Smith and therefore Defendants' request to dismiss the claim as to Smith shall be granted. Since the Plaintiff's responses to the June 19, 2002 order are deemed to comply with the Federal Rules of Civil Procedure, the remainder of the Defendants motion to dismiss shall be denied as moot.

**ORDER**

Accordingly, **IT IS ORDERED THAT**, Defendants' motion to dismiss (Doc. No. 5) be **GRANTED** as to Defendant Vicki Smith. **IT IS FURTHER ORDERED THAT** the remainder of Defendants' motion be **DENIED** as moot. Furthermore, the Clerk of Court **IS ORDERED** to deliver a copy of this order, along with a copy of Plaintiff's responses to the June 19, 2002 order (Doc No.'s 14 and 15) to the Defendants.

_____
Yvette Kane
United States District Judge

Dated: 30 Sept, 2002.