JUDGE'S COPY

IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY A. BANKS-BENNETT, | : | 1: CV-01-1241 |
| Plaintiff | : | |
| v. | : | |
| INGRAM MICRO U.S., et al, | : | JUDGE KANE |
| Defendants | : | |

FILED
HARRISBURG, PA
OCT 0 8 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## ANSWER ON BEHALF OF INGRAM MICRO U.S., INGRAM MICRO BRANCH #80, KENNETH GOODWIN AND BILL MUNLEY

1. Admitted Plaintiff resides at 2649 Walda Street, Harrisburg, Pennsylvania, 17110.

2. Admitted that on or about January 13, 1997, Plaintiff was assigned to work at the Defendant's facility by Drexel Group, Inc., a temporary employment agency.

3. Denied. Plaintiff's primary duties while an employee of Drexel were as a box maker. Denied that a Drexel employee has a "right" to seek employment from a company to which they were assigned by Drexel.

4. Denied as stated. Defendant is in possession of an employment application from Plaintiff dated 3/24/97, the terms of which speak for itself.

5. Denied that on or about 4/1/97 Defendants began to hire. Admitted that Plaintiff was not hired by Defendant as an employee on or about 4/1/97.

6. Denied.

7. Admitted that on 7/1/97 Plaintiff filed a complaint of discrimination with the PHRC.

8. Denied as stated. Defendant admits that it has advertised employment opportunities, but is uncertain as to the exact date of such advertisements.

9. Defendants deny the allegation that: "'On 8/13/97 Plaintiff meet with Defendant Vicki Smith at her request'. Plaintiff asked, 'If any more temporaries were going to be hired.' Defendant Vicki Smith stated 'No.' Also at that meeting of 8/13/97 Defendant Vicki Smith said she 'had the right to hire anyone else she wants,' and 'why would you (Plaintiff) want to work for us'." Plaintiff stated to Defendant Vicki Smith, "You don't have the right to discriminate against me".

10. Defendants admit that on or about 8/18/97 three Hispanic females employed by Drexel Temporary Agency were hired. Defendants deny that on or about 8/18/97 it "refused" Plaintiff employment as a picker/shipping clerk in retaliation for Plaintiff's filing a complaint of discrimination.

11. Defendants deny that on or about 9/29/97 Plaintiff was discharged in retaliation for filing a complaint of discrimination.

12. Defendants deny that Smith, Goodwin and Munley subjected Plaintiff to a hostile work environment in retaliation for Plaintiff filing a PHRC complaint.

13. Denied as stated. Smith and Goodwin are not employed at Ingram Micro at the present time.

14. Defendants deny the unnumbered allegation of the Complaint beginning with the sentence "Plaintiff was well trained as a picker for the shipping department and a hot replenishment clerk."

15. Defendants admit that Kozemchak made an inquiry concerning Peter Hoffman and was advised Hoffman was no longer with Ingram Micro. Defendant denies that it refused to

2

make Hoffman's social security number available to Kozemchak. To the contrary, Defendants advised Kozemchak of Hoffman's social security number by correspondence dated 3/22/99.

16. Defendants deny that unnumbered allegation of the Complaint which states: "Plaintiff put application in on 3/24/97 (good for six months)."

17. Defendants deny that unnumbered allegation of the Complaint which begins with the sentence "Plaintiff worked for Defendants for nine months". Plaintiff, in fact, never worked for any of the Defendants but was an employee of a temporary employment agency.

18. Defendants deny that Plaintiff was refused employment as a consequence of illegal retaliation.

19. Defendants deny that Plaintiff has lost income or experienced compensatory damages as a consequence of any unlawful conduct.

20. Defendants deny that Plaintiff worked for the Defendants in good faith.

21. Defendants answer the factual allegations contained in document 14 attached to the Court's Order of September 30, as follows: Defendants deny that Banks-Bennett constitutes a "whistle blower". Defendants deny that Munley, Smith and Goodwin were persons violating the law acting under the color of an employee's authority. Defendants admit that Smith is no longer employed and further aver that Goodwin is no longer employed by Ingram Micro. Defendants deny that Ingram Micro discriminated against Plaintiff by discharging her because of her race and/or gender.

22. Defendants respond to the allegations of document 15 attached to the Court's Order and Opinion of 9/30/02 as follows: Paragraphs 1 through 3 of document 15 are denied.

## NEW MATTER – AFFIRMATIVE DEFENSES

23. At no time was Plaintiff an employee of Ingram Micro.

3

24.  The state law claims asserted by Plaintiff under the doctrine of supplemental jurisdiction are barred by the statute of limitations.

25.  Plaintiff has failed to exhaust her administrative remedies.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

By: _____
Paul J. Dellasega, Esquire
Atty. No.: 23146
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA  17108
(717) 255-7602

Attorneys for Defendants

DATE: 10-7-02

:184922.1

4

## **CERTIFICATE OF SERVICE**

I, Susan L. Horstick, Legal Secretary for Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA 17110

**THOMAS, THOMAS & HAFER, LLP**

By: *Susan L. Horstick*
SUSAN L. HORSTICK, Legal Secretary

DATED: 10/7/02