IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY A. BANKS-BENNETT,** | : | 1: CV-01-1241 |
| | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **INGRAM MICRO U.S.; INGRAM MICRO BRANCH #80 GENERAL MANAGER KEN GOODWIN** (in their official and individual capacity); **VICKI SMITH, SENIOR HUMAN RESOURCE GENERALIST** (in her official and individual capacity); **BILL MUNLEY, MANAGER AT SHIPPING DEPARTMENT,** (in his official and individual capacity); | : | JUDGE KANE |
| | : | |
| *Defendants* | : | |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, INGRAM MICRO U.S., INGRAM MICRO BRANCH #80, KENNETH GOODMAN AND BILL MUNLEY

Defendants Ingram Micro U.S., Ingram Micro Branch #80, Kenneth Goodman and Bill Munley, move this Honorable Court pursuant to FRCP 56 to grant Summary Judgment in their favor, averring in support thereof as follows:

1. This action is an action under Title VII of the Civil Rights Act of 1964, as amended, and involves allegations of race, age, and sex discrimination against the Plaintiff by the named Defendants.

2. Specifically, the Plaintiff alleges that the named Defendants discriminated against her by failing to hire her for a full-time position and for ultimately terminating her from her part-time position as a box maker.

3. The Plaintiff was assigned to work at Ingram Micro by the Drexel Group, Inc., a temporary employment agency, and was not therefore hired by Ingram Micro directly.

4. As an employee of the temporary agency, Plaintiff was never an employee of the Defendant Ingram Micro.

5. Plaintiff performed the functions of a box maker while working in the Ingram Micro facility, which entailed the assembly of boxes. Ninety percent of Plaintiff's time would be spent performing this task, although she would also perform some routine cleanup and pulling boxes out of the trash.

6. During her part-time employment, several full-time positions opened up for which the Plaintiff was not hired.

7. Plaintiff was not hired because the individual doing the hiring, Barry Wharton was unfamiliar with the Plaintiff and her work ethic.

Mr. Wharton had previously worked with those individuals who were ultimately hired by the Defendants, and knew them to be diligent workers who would be an asset to Ingram Micro.

8. In September of 1997, Plaintiff was terminated from her position as a box maker upon the acquisition by Defendants of a box making machine which rendered all box maker positions at Ingram Micro obsolete. All part-time employees who fulfilled this position were therefore terminated.

9. Pursuant to three separate Requests for Admissions served by Defendants to which the Plaintiff did not reply, Plaintiff has admitted the following relevant facts:

- that temporary employees have no right to continued employment with Ingram Micro and work at Ingram Micro's request on a day to day basis;
- that the decision of Barry Wharton to hire three Hispanic females to full-time positions in Hot Replenishment was based on the objective review of the Labor Tracker Record and his personal knowledge of the three women as being good employees;
- that Barry Wharton, at the time that he hired the three Hispanic women, did not know the Plaintiff and did not therefore know that she had previously filed a discrimination complaint;
- that in August of 1997, Ingram Micro did not refuse the Plaintiff employment in retaliation for her filing a claim for discrimination;
- that in September of 1997, Ingram Micro did not discharge the Plaintiff in retaliation for filing a Complaint of discrimination;

3

- that Plaintiff's position required her to perform box-making functions for 90% of her shift, and to engage in routine clean-up duties during the remainder of her shift
- that in September of 1997, Ingram Micro purchased a box making machine which eliminated the need for part-time box makers such as the Plaintiff
- that Plaintiff's employment ended when the work assignment she was given came to an end.

True and correct copies of Defendants' First, Second, and Third Request for Admissions are attached hereto as Exhibits "A", "B" and "C" respectively.

10. To establish a claim of retaliation, an employee must demonstrate that she engaged in an activity protected by Title VII, that the employer took an adverse employment action against her, and that there was a causal connection between the participation and the protected activity and the employment action. <u>Nelson v. Upsala College</u>, 51 F.3d 383 (3d Cir. 1995); <u>Griffiths v. CIGNA Corp.</u>, 988 F.2d 457 (3d Cir. 1993); <u>Moore v. Grove North America, Inc.</u>, 927 F. Supp. 824 (M.D. Pa. 1996).

11. Because Plaintiff has admitted that Defendant did not terminate the Plaintiff or refuse to hire her on a full time basis in retaliation for her filing a claim of discrimination, she has failed to show a prima facie case of retaliation.

12. To establish a hostile work environment claim, a plaintiff must demonstrate that (1) she suffered unwanted, intentional discrimination because of her gender, race, or age; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same gender in that position; and (5) respondeat superior liability existed. <u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469, 1482 (3d Cir. 1990).

13. Because Plaintiff admitted that she was terminated based on the fact that her position in the company was no longer needed by Ingram Micro and because Plaintiff has presented no other evidence that she was subject to a hostile work environment, she has failed to show a prima facie case of a hostile work environment.

14. Defendants have established a legitimate, non-discriminatory reason for the Plaintiff's termination in that her employment ended with the purchase of a box making machine that eliminated the need for temporary, part-time box makers at Ingram Micro.

15. There are no genuine issues of material fact in this case, and summary judgment in favor of Defendants Ingram Micro U.S.,

Ingram Micro Branch #80, Ken Goodman and Bill Munley is therefore proper.

WHEREFORE, Defendants Ingram Micro U.S., Ingram Micro Branch #80, Ken Goodman and Bill Munley, prays the Court to dismiss the Plaintiff's Complaint based on the foregoing Summary Judgment Motion.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

**s/Paul J. Dellasega**

Date:  March 1, 2004      By:  _____
Paul J. Dellasega, Esquire
Atty. ID No.:  23146
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA  17108-0999
(717) 255-7602

Attorney for Defendants, Ingram Micro U.S., Ingram Micro Branch #80, Ken Goodman and Bill Munley

## **CERTIFICATE OF SERVICE**

    I, Paul J. Dellasega, attorney with the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA  17110

                                          **THOMAS, THOMAS & HAFER, LLP**

                                          **s/Paul J. Dellasega**

                                          _____
                                          Paul J. Dellasega

DATED:  March 1, 2004