*IN THE UNTIED STATES DISTRICT COURT*
*FOR THE MIDDLE DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **SHIRLEY A. BANKS-BENNETT,** | : | **1: CV-01-1241** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **INGRAM MICRO U.S.; INGRAM** | : | **JUDGE KANE** |
| **MICRO BRANCH #80 GENERAL** | : | |
| **MANAGER KEN GOODWIN (in their** | : | |
| **official and individual capacity);** | : | |
| **VICKI SMITH, SENIOR HUMAN** | : | |
| **RESOURCE GENERALIST (in her** | : | |
| **official and individual capacity);** | : | |
| **BILL MUNLEY, MANAGER AT** | : | |
| **SHIPPING DEPARTMENT, (in his** | : | |
| **official and individual capacity);** | : | |
| | : | |
| **Defendants** | : | |

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OF DEFENDANTS, INGRAM MICRO U.S.,
INGRAM MICRO BRANCH #80,
KENNETH GOODMAN AND BILL MUNLEY**

I.    PROCEDURAL HISTORY AND STATEMENT OF FACTS

This case arises out of a Complaint filed by the Plaintiff alleging

that she was discriminated against on the basis of her age, race, and

sex by the Defendants. Specifically, the Plaintiff alleges that she was

denied a promotion to a full-time position with Ingram Micro Branch #80

because of her race. Plaintiff further alleges that after she filed a claim

with the Pennsylvania Human Rights Commission on this allegation, Defendants terminated her part-time position as a box maker in retaliation.

Plaintiff performed box-making functions at Ingram Micro in January of 1997. Plaintiff obtained this position with Ingram Micro by way of the Drexel Group, a temporary employment agency from which Ingram Micro occasionally hired part-time, temporary employees. As a temporary employee, Plaintiff was never employed by the Defendant. Approximately 90% of the Plaintiff's time was spent making boxes for Defendants, although she was also required to perform routine clean-up duties.

During the Plaintiff's time at Ingram Micro, she applied for but was denied various full-time positions with the company. Plaintiff alleges that this failure to promote was discriminatory in nature, and filed a charge with the PHRC in July of 1997. Between April and August 1997, a number of employees were hired for full time positions with Ingram Micro, including White and Latino males and Hispanic females. Plaintiff was not hired for a full-time position.

In September of 1997, Defendants purchased a box-making machine which rendered the Plaintiff's position obsolete. As a result of

the purchase of this machine, all temporary, part-time box maker positions were eliminated, including the Plaintiff's.

Thereafter, Plaintiff filed this suit. All discovery has been completed in this case, and the case is therefore ripe for a Motion for Summary Judgment. This Brief is submitted in support of Defendants' Motion for Summary Judgment.

II.    <u>QUESTION(S) PRESENTED</u>

    A.    Whether summary judgment in favor of Defendants is proper where the Plaintiff, by refusing to respond to three separate Requests for Admissions, has admitted that Defendants did not deny her employment for filing a claim for discrimination and has therefore failed to prove a prima facie case of discrimination under Title VII.

        Suggested Answer:    YES.

    B.    Whether summary judgment is properly entered in favor of Defendants where the Plaintiff, by refusing to respond to three separate Requests for Admissions, has admitted that the averments made by the Plaintiff in support of her claims of a hostile work environment were not true, and that therefore she has failed to show a prima facie case of a hostile work environment under Title VII.

        Suggested Answer:    YES.

    C.    Whether summary judgment is proper where the Defendants have shown a legitimate, non-discriminatory reason for the Plaintiff's termination in that all temporary box-making positions were eliminated upon the purchase of a box-making machine.

        Suggested Answer:    YES.

III.   ARGUMENT

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A genuine issue of material fact exists only if there is a sufficient evidentiary basis upon which a "reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "material" only if it might effect the outcome of the suit under governing law.  Id.  All inferences must be drawn and all doubts resolved in favor of the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655; Gans v. Mundy , 762 F.2d 338, 341 (3d Cir. 1985).

On a motion for summary judgment, the moving party bears the initial burden of identifying for the court those portions of the record that it believes demonstrate the absence of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the moving party.  The non-moving party "may not rest

on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."  Id. at 321 n.3 (quoting Fed.R.Civ.P. 56(e)); See First National Bank v. Lincoln National Life Insurance Co., 824 F.2d 277, 282 (3d Cir. 1987).   The non-moving party must demonstrate the existence of evidence that would support a jury finding in its favor.  See Anderson, 477 U.S. at 248-249.

      A.    Because the Plaintiff has failed to show a prima facie case of retaliation under Title VII, summary judgment in favor of Defendants is proper.

Under Title VII of the Civil Rights Act of 1964, as amended, to establish a claim of retaliation an employee must demonstrate that she engaged in an activity protected by Title VII, that the employer took an adverse employment action against her, and that there was a causal connection between the participation and the protected activity and the employment action. Nelson v. Upsala College, 51 F.3d 383 (3d Cir. 1995); Griffiths v. CIGNA Corp., 988 F.2d 457 (3d Cir. 1993); Moore v. Grove North America, Inc., 927 F. Supp. 824 (M.D. Pa. 1996).

In this case, Plaintiff alleges that she was discriminated against on the basis of her age, race, and sex. She further alleges that she filed a charge of discrimination with the Pennsylvania Human Relations Commission, and that thereafter the Defendants refused to promote her to a full-time position and ultimately terminated her altogether. Plaintiff alleges that this adverse employment action was in retaliation for her filing a charge of discrimination against the Defendants.

However, during the discovery phase of this case, Defendants served three separate Requests for Admissions in this case. In those Requests, Defendants asked Plaintiff to admit or deny the following relevant Requests:

- that temporary employees have no right to continued employment with Ingram Micro and work at Ingram Micro's request on a day to day basis;
- that the decision of Barry Wharton to hire three Hispanic females to full-time positions in Hot Replenishment was based on the objective review of the Labor Tracker Record and his personal knowledge of the three women as being good employees;
- that Barry Wharton, at the time that he hired the three Hispanic women, did not know the Plaintiff and did not therefore know that she had previously filed a discrimination complaint;
- that in August of 1997, Ingram Micro did not refuse the Plaintiff employment in retaliation for her filing a claim for discrimination;
- that in September of 1997, Ingram Micro did not discharge the Plaintiff in retaliation for filing a Complaint of discrimination;

-       that Plaintiff's employment ended when the work assignment
        she was given came to an end.

Under the Federal Rules of Civil Procedure, a party may serve a written request for admission of the truth of any matters within the scope of discovery relating to opinions of fact or the application of law to fact. Fed. R. Civ. P. 36(a). Within 30 days after service of the request, the matter is admitted unless the party to whom the request is directed serves upon the other party written answers or objections. Id.

In this case, as noted above, the Defendants served on the Plaintiff three separate Requests for Admissions on November 8, 2001, April 16, 2003 and September 11, 2003. Plaintiff has not responded to any of these Requests for Admissions to date. As such, the Requests have been conclusively established for the purpose of this action and this Motion for Summary Judgment.

Plaintiff, therefore, has admitted that Defendants did not retaliate against her by refusing to hire her for a full-time position in retaliation for her PHRC complaint. Defendants' Second Request for Admissions Paragraph 6. As such, she has not set forth a prima facie case of retaliation as outlined above.

Moreover, Plaintiff has admitted that Defendants did not retaliate against her for filing a PHRC complaint by terminating her employment

in September of 1997. Defendants' Second Request for Admissions Paragraph 7. Rather, she admitted that her employment ended when the assignment she was given through the temporary employment agency ended. Defendants' Second Request for Admissions Paragraph 9. Based on these admissions, the Plaintiff has failed to show a causal connection between the protected activity and the adverse employment action. Thus, again based on these admissions, Plaintiff has failed to establish a prima facie case of retaliation.

For the foregoing reasons, summary judgment in favor of Defendants is proper.

B.    Because the Plaintiff has failed to establish all of the elements of a hostile work environment claim under Title VII, summary judgment in favor of Defendants is proper.

Plaintiff alleges that she was subjected to unlawful harassment based upon her race, sex, and age during her employment at Ingram Micro. The Supreme Court first recognized the availability of a "hostile work environment" claim under Title VII in Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57 (1986), where it stated that "for sexual harassment to be actionable, it must be sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.'" Id. at 67 (citation omitted) (alteration in original).

To establish a hostile work environment claim, a plaintiff must demonstrate that (1) she suffered unwanted, intentional discrimination because of her gender, race, or age; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same race, age, or gender in that position; and (5) respondeat superior liability existed. Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990). "In determining if a work environment is 'hostile' or 'abusive', courts look to the totality of the circumstances, including: the frequency and severity of the conduct; whether the conduct is physically threatening or humiliating, or merely an offensive utterance; and whether the conduct unreasonably interferes with the victim's work performance." Pittman v. Correctional Healthcare Solutions, Inc., 868 F. Supp. 105, 108 (E.D.Pa. 1994) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, (1993)).

In this case, Plaintiff has failed to establish all of the elements of a hostile work environment claim. In her Complaint, Plaintiff appears to base her claim on the fact that Ingram Micro employees harassed her verbally by refusing to take her application and challenging why she would want to continue to work at Ingram Micro.

Specifically, the Plaintiff notes that Defendant Smith told her not to put in another application for permanent, full-time employment and that Defendant "had the right to hire anyone she wants" and why would you want to work for us. Plaintiff states generally that Defendants Munley, Smith and Goodwin subjected her to a hostile work environment.

However, Plaintiff has established no other facts in support of her claim that she was verbally harassed by the Defendants, and these statements in and of themselves are insufficient to show discrimination on the basis of either race, sex, or gender, having no derogatory connotations contained therein. Moreover, by her failure to respond to Defendants' Requests for Admissions has in fact admitted that the above-referenced statements never occurred. See Defendants' Second Request for Admissions Paragraphs 4, 5.

Even if they had occurred, the comments are isolated occurrences that were not sufficiently severe or pervasive to have detrimentally affected a person in the same position. In addition, their infrequency and meanings could not reasonably be found to have offended a similarly situated person as required to prove a prima facie case for a hostile work environment under Title VII.

For the foregoing reasons, summary judgment in favor of Defendants is proper.

C. Because all temporary, part-time box-making positions were eliminated upon Defendants' purchase of a box-making machine, Defendants have shown a legitimate, non-discriminatory reason for the Plaintiff's termination and therefore summary judgment in their favor is proper.

Lastly, Plaintiff appears to make a claim for discrimination underlying her original complaint before the PHRC. Specifically, Plaintiff alleges that she was not hired for a full-time position in Hot Replenishment on the basis of her age, race, or gender. In support thereof, Plaintiff alleges that three Hispanic women who had also been temporary employees were instead hired for the open positions. For this reason, Plaintiff alleges that she was discriminated against in violation of Title VII. Finally, Plaintiff alleges that Defendants discriminated against her in violation of Title VII by terminating her position at Ingram Micro.

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court established the general framework and burdens of proof in Title VII pretext actions. First, the plaintiff must establish a prima facie case of discrimination by a preponderance of the evidence. Id. at 802. A prima facie can be shown when: (1) plaintiff is a member of a protected class; (2) plaintiff was qualified for the position; (3) plaintiff was

discharged from or denied the position; and (4) nonmembers of the protected class were treated more favorably. Id.; St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).

If the plaintiff succeeds in proving a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for its actions. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). If the defendant carries its "relatively light burden by articulating a legitimate reason for the unfavorable employment decision, the burden of production rebounds to the plaintiff, who must now show by a preponderance of the evidence that the employer's explanation is pretextual (thus meeting the plaintiff's burden of persuasion)." Id. (parenthetical in original).

In this case, even if the Plaintiff could show a prima facie case of a hostile work environment by a preponderance of the evidence, Defendants will show a legitimate, non-discriminatory reason for the Plaintiff's termination and the intervening lack of promotion to full-time employment.

As noted above, Plaintiff was a part-time box maker at Ingram Micro Branch #80, having obtained that position through a temporary employment agency. Complaint at Paragraphs 2, 3; Plaintiff's Response

to Defendants' Interrogatories at Paragraph 6. After a couple of months on the job, Plaintiff applied for but was denied full-time employment in the Hot Replenishment department where she worked. Plaintiff has alleged that she was passed over for these full-time positions in August of 1997 in favor of three Hispanic women who were also temporary employees, and that this decision was based on the Plaintiff's race, age, and gender.

However, Plaintiff by her failure to respond to the three separate Requests for Admissions served upon her by Defendants has admitted that she was not discriminated against on the basis of her race, gender or age. Specifically, Plaintiff has admitted that the decision to hire the three Hispanic women was made objectively by Barry Wharton, the Repack Manager at the time who was in charge of filling these positions.

In his affidavit, Mr. Wharton indicates that when deciding who to hire for the vacant positions, he consulted the Labor Tracker Record, which shows on an objective basis the production level of an employee over a set period of time. Affidavit of Barry Wharton at Paragraph 5; Defendants' First Request for Admissions Paragraph 4; Defendants' Second Request for Admissions Paragraph 15; Defendants' Third Request for Admissions Paragraph 5. In consulting the record, he found

that the production level of all employees were pretty close to being equal. Affidavit of Barry Wharton at Paragraph 6; Defendants' First Request for Admissions Paragraph 5; Defendants' Second Request for Admissions Paragraph 16; Defendants' Third Request for Admissions Paragraph 6. Therefore, he based his hiring decision on his personal associations with the employees in question. Affidavit of Barry Wharton at Paragraph 8; Defendants' First Request for Admissions Paragraph 7; Defendants' Second Request for Admissions Paragraph 18; Defendants' Third Request for Admissions Paragraph 8. Mr. Wharton in his affidavit stated that he did not know the Plaintiff at the time he was making the decision. Affidavit of Barry Wharton at Paragraph 11. Therefore, he would have no independent basis for determining the quality of her work.

His decision to hire the employees in question, however, was based on his personal knowledge of Gloria Chavac, Teresa Chavac and Piedad Lara. Affidavit of Barry Wharton at Paragraph 8; Defendants' First Request for Admissions Paragraph 7; Defendants' Second Request for Admissions Paragraph 18; Defendants' Third Request for Admissions Paragraph 8. Specifically, he noted that after a shift all three would continue to recon products, clean up their work area, and finish up all assigned duties in order to ensure that all were satisfactorily

completed without specifically being told to do so. Affidavit of Barry Wharton at Paragraph 8; Defendants' First Request for Admissions Paragraph 7; Defendants' Second Request for Admissions Paragraph 18; Defendants' Third Request for Admissions Paragraph 8. He therefore thought they would make excellent permanent employees and recommended that they be hired not on the basis of their race, but on the basis of the prior performance as temporary part-time employees. Affidavit of Barry Wharton at Paragraph 9; Defendants' First Request for Admissions Paragraph 8; Defendants' Second Request for Admissions Paragraph 19; Defendants' Third Request for Admissions Paragraph 9.

The averments of Mr. Wharton in his affidavit have been deemed admitted by the Plaintiff under Fed. R. Civ. P. 36 by her failure to respond to the three Requests for Admission served upon her by the Defendants. As such, it is clear that the decision not to hire the Plaintiff was not made on the basis of race, age, or gender, but upon her performance as compared to those individuals ultimately hired. Based upon these facts, Defendants have established a legitimate, non-discriminatory reason for the Plaintiff's lack of promotion to the full-time position in question.

With respect to her ultimate termination, Defendants have also proven facts sufficient to show a legitimate, non-discriminatory reason for that adverse employment action. According to both the Plaintiff and her supervisor, Aaron Torres, Plaintiff worked at Ingram Micro as a box maker. Complaint at Paragraph 3; Plaintiff's Response to Defendants' Interrogatories at Paragraph 6; Affidavit of Aaron Torres at Paragraphs 1, 3. During the course of her shift, 90% of the Plaintiff's time was spent making boxes with the remaining time devoted to routine cleanup of her area. Affidavit of Aaron Torres at Paragraph 4.

In September of 1997, when the Plaintiff was employed as a box maker, Ingram Micro purchased a box making machine. Affidavit of Bob Scott at Paragraphs 1-2. The purchase of a box making machine eliminated the need for most of the box makers working at Ingram Micro. Affidavit of Bob Scott at Paragraph 2. The abolition of this position also eliminated the need for all temporary employees working as box makers at Ingram Micro. Affidavit of Bob Scott at Paragraph 2. Plaintiff, as a temporary, part-time box maker, was therefore no longer needed and was thereafter terminated.

For the foregoing reasons, Plaintiff has failed to show that she was discriminated against in violation of Title VII on the basis of her race,

age, and gender, in either the decision not to promote her or the decision to terminate her, and summary judgment in favor of Defendants is therefore proper.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants Ingram Micro U.S., Ingram Micro Branch #80, Ken Goodman and Bill Munley respectfully requests that this Court grant their Motion for Summary Judgment and dismiss the Plaintiff's Complaint with prejudice.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Dated:  March 1, 2004        **s/Paul J. Dellasega**

By:    _____

Paul J. Dellasega, Esquire
Atty. ID No.:  23146
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA  17108-0999
(717) 255-7602

Attorney for Defendants, Ingram Micro U.S., Ingram Micro Branch #80, Ken Goodman and Bill Munley

## CERTIFICATION OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION

I hereby certify that Defendant's Brief in Support of Motion for Summary Judgment complies with the word-count pursuant to Local Rule 7.8 (b)(2).    Counsel relied upon Microsoft-Word's word count feature.   Defendant's Brief contains 3,503 words.


**Thomas, Thomas & Hafer, LLP**

**s/Paul J. Dellasega**

by  _____
Paul J. Dellasega, Esquire

## <u>CERTIFICATE OF SERVICE</u>

I, Paul J. Dellasega, attorney with the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA  17110

**THOMAS, THOMAS & HAFER, LLP**

By:    **s/Paul J. Dellasega**
_____
Paul J. Dellasega

Dated:  March 1, 2004