IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY A. BANKS-BENNETT, | : | 1: CV-01-1241 |
| Plaintiff | : | |
| v. | : | |
| INGRAM MICRO U.S., et al, | : | JUDGE KANE |
| Defendants | : | |



FILED
MAR 0 4 2004
PER _____
HARRISBURG, PA   DEPUTY CLERK

### ANSWER ON BEHALF OF INGRAM MICRO U.S., INGRAM MICRO BRANCH #80, KENNETH GOODWIN AND BILL MUNLEY

1. Admitted Plaintiff resides at 2649 Walda Street, Harrisburg, Pennsylvania, 17110.

2. Admitted that on or about January 13, 1997, Plaintiff was assigned to work at the Defendant's facility by Drexel Group, Inc., a temporary employment agency.

3. Denied. Plaintiff's primary duties while an employee of Drexel were as a box maker. Denied that a Drexel employee has a "right" to seek employment from a company to which they were assigned by Drexel.

4. Denied as stated. Defendant is in possession of an employment application from Plaintiff dated 3/24/97, the terms of which speak for itself.

5. Denied that on or about 4/1/97 Defendants began to hire. Admitted that Plaintiff was not hired by Defendant as an employee on or about 4/1/97.

6. Denied.

7. Admitted that on 7/1/97 Plaintiff filed a complaint of discrimination with the PHRC.

8. Denied as stated. Defendant admits that it has advertised employment opportunities, but is uncertain as to the exact date of such advertisements.

9. Defendants deny the allegation that: "'On 8/13/97 Plaintiff meet with Defendant Vicki Smith at her request'. Plaintiff asked, 'If any more temporaries were going to be hired.' Defendant Vicki Smith stated 'No.' Also at that meeting of 8/13/97 Defendant Vicki Smith said she 'had the right to hire anyone else she wants,' and 'why would you (Plaintiff) want to work for us'." Plaintiff stated to Defendant Vicki Smith, "You don't have the right to discriminate against me".

10. Defendants admit that on or about 8/18/97 three Hispanic females employed by Drexel Temporary Agency were hired. Defendants deny that on or about 8/18/97 it "refused" Plaintiff employment as a picker/shipping clerk in retaliation for Plaintiff's filing a complaint of discrimination.

11. Defendants deny that on or about 9/29/97 Plaintiff was discharged in retaliation for filing a complaint of discrimination.

12. Defendants deny that Smith, Goodwin and Munley subjected Plaintiff to a hostile work environment in retaliation for Plaintiff filing a PHRC complaint.

13. Denied as stated. Smith and Goodwin are not employed at Ingram Micro at the present time.

14. Defendants deny the unnumbered allegation of the Complaint beginning with the sentence "Plaintiff was well trained as a picker for the shipping department and a hot replenishment clerk."

15. Defendants admit that Kozemchak made an inquiry concerning Peter Hoffman and was advised Hoffman was no longer with Ingram Micro. Defendant denies that it refused to

make Hoffman's social security number available to Kozemchak. To the contrary, Defendants advised Kozemchak of Hoffman's social security number by correspondence dated 3/22/99.

16. Defendants deny that unnumbered allegation of the Complaint which states: "Plaintiff put application in on 3/24/97 (good for six months)."

17. Defendants deny that unnumbered allegation of the Complaint which begins with the sentence "Plaintiff worked for Defendants for nine months". Plaintiff, in fact, never worked for any of the Defendants but was an employee of a temporary employment agency.

18. Defendants deny that Plaintiff was refused employment as a consequence of illegal retaliation.

19. Defendants deny that Plaintiff has lost income or experienced compensatory damages as a consequence of any unlawful conduct.

20. Defendants deny that Plaintiff worked for the Defendants in good faith.

21. Defendants answer the factual allegations contained in document 14 attached to the Court's Order of September 30, as follows: Defendants deny that Banks-Bennett constitutes a "whistle blower". Defendants deny that Munley, Smith and Goodwin were persons violating the law acting under the color of an employee's authority. Defendants admit that Smith is no longer employed and further aver that Goodwin is no longer employed by Ingram Micro. Defendants deny that Ingram Micro discriminated against Plaintiff by discharging her because of her race and/or gender.

22. Defendants respond to the allegations of document 15 attached to the Court's Order and Opinion of 9/30/02 as follows: Paragraphs 1 through 3 of document 15 are denied.

## NEW MATTER – AFFIRMATIVE DEFENSES

23. At no time was Plaintiff an employee of Ingram Micro.

24. The state law claims asserted by Plaintiff under the doctrine of supplemental jurisdiction are barred by the statute of limitations.

25. Plaintiff has failed to exhaust her administrative remedies.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

By: _____
Paul J. Dellasega, Esquire
Atty. No.: 23146
305 North Front Street
Sixth Floor, P.O. Box 999
Harrisburg, PA  17108
(717) 255-7602

Attorneys for Defendants

DATE: _____
:184922.1

## CERTIFICATE OF SERVICE

I, Susan L. Horstick, Legal Secretary for Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA  17110

THOMAS, THOMAS & HAFER, LLP

By: *Susan L. Horstick*
SUSAN L. HORSTICK, Legal Secretary

DATED: 10/7/02

**Chairperson**
ROBERT JOHNSON SMITH
**Vice-Chairperson**
RAQUEL OTERO de YIENGST
**Secretary**
GREGORY J. CELIA, JR.
**Executive Director**
HOMER C. FLOYD
**Regional Director**
KAABA BRUNSON

**COMMISSIONERS**
JOSEPH J. BORGIA
W.D. CHRISNER III
CARL E. DENSON
ALVIN E. ECHOLS, JR.
RUSSELL S. HOWELL
ELIZABETH C. UMSTATTD
SYLVIA A. WATERS
DANIEL D. YUN

Writer's Direct Dial:



COMMONWEALTH OF PENNSYLVANIA
**HUMAN RELATIONS COMMISSION**
Harrisburg Regional Office
1101-1125 S. Front Street, 5th floor
Harrisburg, PA 17104-2515
(717) 787-9780 (Voice)
(717) 787-7279 (TT)

March 30, 1999

Mr. Peter Hoffman
5A-204 Richland Lane
Camp Hill, PA 17011

  Re: Shirley A. Banks-Bennett vs. Ingram Micro
    Docket No. E-85223-AD

Dear Mr. Hoffman:

  You have been named by the complainant in the above case as a witness. Although the complaint is not a recent one, your testimony is important.

  The Pennsylvania Human Relations Commission is mandated by law to investigate complaints of discrimination. At times the investigation requires statements from witnesses.

  Accordingly, you are receiving the enclosed witness questionnaire which also spells out the issue of the complaint.

  The same law which mandates this investigation also protects the witness from any adverse action by an employer because the witness has testified.

  Please return your completed and signed questionnaire to me within ten (10) days of your receipt of this letter.

  Thank you for your cooperation.

Sincerely,

David Kozemchak
Human Relations Representative
(717) 787-9026

PENNSYLVANIA HUMAN RELATIONS COMMISSION

WITNESS QUESTIONNAIRE

**DATE:** March 30, 1999

**WITNESS:** Peter Hoffman

**Re:** Shirley A. Banks-Bennett vs. Ingram Micro
Docket No. E-85223-AD

**HRR:** David Kozemchak (DK)

---

1. When were you hired by the Respondent?

2. What positions did you hold with the Respondent?

3. When did you leave the Respondent's employ?

4. The Complainant has alleged that you did talk to her about her being hired. Please comment, specifically, but not limited to the date(s) of this conversation.

5.  The Complainant had applied for employment in April 1997, said application being viable for six months. Respondent Representative Vicki Smith had indicated to the PA Human Relations Commission that you were the individual who made the decision to not hire the Complainant. Is this true, and if so, why did you decide not to hire the Complainant?

6.  Did the Complainant have any attendance problems?  If so, please specify.

7.  On or about August 13, 1997, did you hear Ms. Vicki Smith telling the complainant that the Respondent was not going to hire any more temporary employees?

8.  Did you see and/or were you aware that the Complainant filed a Complaint against the Respondent, i.e. PHRC complaint #E-83928-AD which was served on the Respondent in August of 1997?

9.  Did the Complainant ever complain to you about black employees not getting hired? If so, when **specifically**?

10. Had any other employees ever complained to you about black employees not being hired?

--- 
NAME

---
DATE

# THOMAS, THOMAS & HAFER LLP
ATTORNEYS AT LAW



www.tthlaw.com

305 North Front Street, P.O. Box 999, Harrisburg, PA 17108
Phone: (717) 237-7100    Fax: (717) 237-7105

*Paul J. Dellasega*
*(717)255-7602*
*pdellasega@tthlaw.com*

December 18, 2003

Shirley Banks-Bennett
2649 Waldo Street
Harrisburg, PA  17110

  *RE: Shirley A. Banks-Bennett v. Ingram Micro, et al.*
    *No.: 1: CV-01-1241*
    *Our File No.: 563-10626*

Dear Ms. Banks-Bennett:

  We have again reviewed the information we have regarding a former employee of Ingram Micro, Peter Hoffman. You had requested that we supply you with his social security number and apparently that information is not contained in what records are left relating to his previous employment with Ingram Micro.

          Very truly yours,

          *THOMAS, THOMAS & HAFER, LLP*

          Paul J. Dellasega

PJD/slh

  cc: Mark Okey, Esquire

---

Lehigh Valley Office:  3400 Bath Pike, Suite 302, Bethlehem, PA 18017  ♦  Phone: (610) 868-1675  ♦  Fax: (610) 868-1702

# CERTIFICATE OF SERVICE

PAUL J. DELLASEGA, ESQ.
#23146
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7621


_____          _2-4-04_____
Shirley A. Banks-Bennett                  Date

(3) Copies