IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY A. BANKS-BENNETT,<br>Plaintiff | : :<br>: | CIVIL ACTION NO.<br>1:CV-01-1241 |
| v. | : : | J. Kane |
| INGRAM MICRO U.S., et al.,<br>Defendants | : : : : | |

FILED
HARRISBURG

JUL 3 0 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## CASE MANAGEMENT ORDER

I.  **GENERAL**

    a. **COUNSEL AND PRO SE LITIGANTS ARE RESPONSIBLE FOR READING THIS ENTIRE ORDER.**

    b. This case is placed on the **Standard Case Management Track**.

    c. The following deadlines, described in greater detail throughout this order, have been established for this case, and may not be modified by the parties, except with leave of court obtained before expiration of the time limits has passed:

| | |
|---|---|
| Close of Fact Discovery: | December 31, 2003 |
| Report of Experts: | January 13, 2004 |
| Response Reports to Experts Report: | January 27, 2004 |
| Dispositive Motions and Supporting Briefs Due: | March 1, 2004 |
| Motions In Limine Due: | May 7, 2004 |
| Pretrial Memoranda Due: | May 21, 2004 |
| Pretrial and Settlement Telephone Conference: | May 25, 2004 - 10:00 a.m. |
| Proposed Jury Instructions, Proposed Voir Dire Questions and Objections to Proposed Instructions: | June 2, 2004 |
| Jury Selection and Trial: | June 7, 2004 - 9:30 a.m. |

1

d. Requests for extension of the following time periods will not be granted except under exceptional circumstances and must comply with Local Rule 7.5.

e. Counsel are encouraged to consent to the disposition of this case by the United States Magistrate Judge pursuant to 28 U.S.C.§ 636(c).

f. Counsel and pro se litigants are requested to file all documents in this case with the Clerk of Court, P. O. Box 983, Room 1060, Federal Building, Harrisburg, PA 17108. Do not sent courtesy copies directly to the court unless requested by the court.

g. **Facsimile transmission.** No document may be faxed to Chambers or to the Clerk's Office without express permission obtained in advance from the judge or her secretary or law clerk, which permission shall be limited to each document request, unless otherwise indicated.

h. Parties should contact the Court through our Deputy Clerk, Jennifer Kennedy, at 221-3920. No contact should be made with law clerks unless directed to do so by the court.

II. **DISCOVERY**

a. Fact discovery shall be completed by the parties expeditiously and diligently on or before **December 31, 2003**. All requests for discovery must be made so as to allow for compliance before the close of discovery. The following limits on discovery apply to this case:

1. Depositions (excluding experts) to be taken by:

| Plaintiffs: | 10 | Per Defendant | 10 |
|---|---|---|---|
| | | Or group of Defendants | |

2

    2. Interrogatories:

        Plaintiffs:   25        Per Defendant   25
                                  Or group of Defendants

    3. Request for Production of Documents

        Plaintiffs:   25        Per Defendant:   25

    4. Request for Admissions:

        Plaintiffs:   25        Per Defendant:   25

**Discovery in excess of these limits must be approved by the Court.**

    b. Except as noted herein, the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Pennsylvania will be applied to this case. The parties must make application to the court to exceed the limitations established by the rules.

    c. All written requests for continuance of discovery deadlines or trial shall be signed by counsel in conformity with the Civil Justice Reform Act of 1990, 28 U.S.C. §473(b)(3). Furthermore, all requests for extensions of discovery deadline must be made at least thirty (30) days prior to the expiration of the discovery period.

    d. Discovery related motions shall be filed only after a telephone conference with the Court and with the approval of Court.

### III.  **MOTIONS**

    a. Dispositive motions <u>and</u> supporting briefs must be filed by **March 1, 2004**. Briefs must adhere to the page limitations set forth in the local rules. In multiple defendant cases, any defendant contemplating a dispositive motion shall confer with other defense counsel and shall agree to file joint motions and briefs whenever possible. Those parties needing to brief separate issues may do so by filing separate briefs. Parties filing motions for summary judgment shall comply with Middle District Rule 7.4.

    b. Motions <u>in</u> <u>limine</u> **and** supporting briefs shall be filed no later than **<u>May 7, 2004</u>**.

IV. **<u>PRETRIAL MATTERS</u>**

    a. Each party shall file on or before **<u>May 21, 2004</u>** a pretrial memorandum in conformity with the local rules. Failure to timely file pretrial memoranda will result in an appropriate sanction. Fed. R. Civ. P. 16(f).

    b. If counsel file trial briefs they must be filed by noon, two (2) working days prior to commencement of the listed trial date.

    c. A pretrial conference will be held on **<u>May 25, 2004</u>** at **<u>10:00 a.m.</u>** in the chambers of Courtroom No. 4, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. **<u>Counsel as well as litigants must be present at this conference in order to have effective settlement discussions.</u>**

    d. Local Rule 16.2, as it relates to settlement authority, will apply to this conference.

    e. Counsel who will try the case shall attend the pretrial conference unless the court, upon written request, approves the substitution of another attorney who is fully familiar with the case and has the settlement authority required by Local Rule 16.2. A copy of the local rules may be obtained from the Clerk of the Court by writing: Clerk of Court, Federal Building, P.O. Box 983, Harrisburg, Pennsylvania 17108-0983.

    f. At the pretrial conference, counsel for the plaintiff shall be required to set forth the elements of the particular type of claim (or claims) being made. Counsel for the defendant shall be required to identify any legal defenses he/she expects to make. It should be noted that the court expects to hold counsel for both sides to the course they outline here unless good cause is shown for allowing additional legal theories, claims and/or defenses to be argued at trial and unless this court is apprised of these additional legal theories, claims and/or defenses in sufficient time to consider and

evaluate them before trial.

g. No later than the beginning of the first day of trial, counsel shall file **proposed** jury instructions in conformity with Local Rule 51. **In addition to the requirements of Local rule 51, counsel shall submit a copy of the joint jury instructions on diskette.**

h. **THREE WEEKS prior to the date scheduled for the submission of the pretrial memoranda, counsel for the parties shall hold the attorneys' conference required by Local Rule 16.3.** This conference shall be face-to-face unless the court, upon written request, approves another arrangement. Failure of the plaintiff to initiate the holding of the conference or the defendant to respond to such initiative in an appropriate manner may result in the imposition of sanctions, including possible dismissal of the action.

V. **SETTLEMENT, MEDIATION, ARBITRATION, USE OF MAGISTRATES**

a. In non-jury cases, counsel shall meet within four (4) weeks after the close of discovery and discuss settlement. Subsequent to that meeting, counsel shall notify this court should the assistance of the United States Magistrate be requested in conducting a formal settlement conference.

b. No later than the pretrial conference, counsel shall notify the court of their desire to employ the summary jury trial procedure.

VI. **TRIAL**

a. The captioned case is placed on the **June** trial list. Jury selection for trials on the **June** list will commence at 9:30 a.m. on **June 7, 2004**, in Courtroom No. 4, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Trials will commence following the completion of jury selections. Counsel should note that criminal matters take priority and may delay the beginning of the civil trial

5

list. Unless otherwise ordered, the cases will be tried in order of the docket numbers, with the earliest docket numbers going first and continuing to the most recent docket number. Non-jury matters will be tried last. Counsel should be aware that settlements, etc., will often reduce the actual number of cases for trial as the date approaches, and counsel should be prepared to go to trial on 24 hours notice. Counsel may contact the court one week prior to the scheduled jury selection to determine the approximate starting date. However, counsel should be aware that the trial list may change drastically; therefore, counsel shall be prepared to go to trial at any point during the trial term.

  b. If the parties intend to use depositions at trial in place of live testimony, they shall review the depositions prior to the time of trial. If there are objections which cannot be resolved among counsel, said objections and copies of the relevant depositions shall be submitted to the court at least fifteen (15) days prior to trial. Where counsel have failed to meet the time requirement in this paragraph, the court may, in its discretion, deem the objections withdrawn. If the deposition to be used are videotaped, a transcript must be provided to the court in advance of trial.

  c. If a party intends to introduce 15 or more exhibits into evidence, that party shall provide the court with two copies of all exhibits in 3-ring binders at the beginning of that party's case.

  d. Videotape equipment shall be set up in the courtroom prior to the commencement of trial in the morning, if its use is anticipated in the morning, or during the lunch break, if its use is anticipated in the afternoon.

  e. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, shall be assessed equally against the parties unless the Clerk's Office at the place the trial is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to such

Clerk's Office before 2:00 p.m. on the last business day preceding the day on which the trial of the action is to start shall be adequate for such purpose.

Dated: 7/29/03

YVETTE KANE, Judge
Middle District of Pennsylvania