*IN THE UNTIED STATES DISTRICT COURT*
*FOR THE MIDDLE DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| *SHIRLEY A. BANKS-BENNETT,* : | : | 1: CV-01-1241 |
| *Plaintiff* : | : | |
| v. : | : | JUDGE KANE |
| *INGRAM MICRO U.S., et al,* : | : | |
| | : | ELECTRONICALLY FILED |
| *Defendants* : | | |

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S
"MOTION FOR SUMMARY JUDGMENT"**

**I.   PROCEDURAL HISTORY AND STATEMENT OF FACTS**

This case arises out of a Complaint filed by the Plaintiff alleging that she was discriminated against on the basis of her age, race, and sex by the Defendants. Specifically, the Plaintiff alleges that she was denied a promotion to a full-time position with Ingram Micro Branch #80 because of her race. Plaintiff further alleges that after she filed a claim with the Pennsylvania Human Rights Commission on this allegation, Defendants terminated her part-time position as a box maker in retaliation.

Plaintiff performed box-making functions at Ingram Micro in January of 1997. Plaintiff obtained this position with Ingram Micro by way of the Drexel

Group, a temporary employment agency from which Ingram Micro occasionally hired part-time, temporary employees. As a temporary employee, Plaintiff was never employed by the Defendant. Approximately 90% of the Plaintiff's time was spent making boxes for Defendants, although she was also required to perform routine clean-up duties.

During the Plaintiff's time at Ingram Micro, she applied for but was denied various full-time positions with the company. Plaintiff alleges that this failure to promote was discriminatory in nature, and filed a charge with the PHRC in July of 1997. Between April and August 1997, a number of employees were hired for full time positions with Ingram Micro, including White and Latino males and Hispanic females. Plaintiff was not hired for a full-time position.

In September of 1997, Defendants purchased a box-making machine which rendered the Plaintiff's position obsolete. As a result of the purchase of this machine, all temporary, part-time box maker positions were eliminated, including the Plaintiff's.

Thereafter, Plaintiff filed this suit. The Plaintiff is proceeding pro se in this matter. All discovery has been completed in this case, and the case is therefore ripe for a Motion for Summary Judgment. On March 15, 2004, Plaintiff filed her Motion for Summary Judgment and Brief in Support thereof which is virtually

unintelligible. Defendants have filed a Motion to Strike Plaintiff's Motion and Brief for failure to comply with Local Rules 56.1 and 7.8, and for untimeliness.

## II.   QUESTIONS PRESENTED

   A.   Should Plaintiff's Motion for Summary Judgment and Brief in Support thereof be struck where she has failed to include a statement of undisputed material facts, failed to cite those portions of the record supporting the facts alleged in the motion, failed to comply with the minimal requirements relating to the brief format as set forth in the Local Rules, and failed to timely file the underlying motion and brief pursuant to the Case Management Order in this case?

Suggested Answer:   YES.

## III.   ARGUMENT

   A.   Because Plaintiff has failed to comply with the minimum requirements of the Local Rules of the Middle District relating to the submission of Motions and Briefs, and because her Motion for Summary Judgment was not timely filed under the Case Management Order, it should be struck from the record.

On or about March 15, 2004, Plaintiff filed a Motion for Summary Judgment in this case and a Brief in Support thereof which was virtually unintelligible. Her Motion, which states that Plaintiff is purportedly exercising her right to file counter-affidavits, contains only four paragraphs, none of which recites a fact in support of her Motion or any authority supporting her apparent assertion that she is entitled to summary judgment in her favor. Her Brief in support of her Motion is

similarly unintelligible in that it provides only a brief recitation of facts unsupported by any reference to the record in this case and fails to provide any coherent analysis of these facts which show a prima facie case of retaliation. The only coherent part of her Brief relates to her request for damages, yet the Motion and Brief at base are insufficient to support the relief requested.

Specifically, Plaintiff's Motion for Summary Judgment and Brief in Support thereof fails for several reasons. First, under the Local Rules, a moving party must a "separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" in support of a Motion for Summary Judgment. L.R. 56.1. Nowhere attached to the Plaintiff's Motion or Brief is there any statement of facts, disputed or undisputed, which are in numbered paragraphs as required by the Local Rules. Plaintiff has thus failed to comply with the minimal requirements of the Local Rules in submitting her Motion and Brief for Summary Judgment.

Second, the only references to any of the underlying facts in this case are found in the Brief. However, even this recitation of facts does not comply with the Local Rules as they are unsupported by citation to the relevant portions of the record which support them. Under Local Rule 56.1, "(s)tatements of material facts in support of, or in opposition tom a motion shall include references to the parts of the record that supports the statements." Thus, even were Plaintiff's statement of

facts as contained in her brief sufficient to satisfy the general requirement under Local Rule 56.1 that there be a recitation of facts in support of a Motion for Summary Judgment, the fact that they are unsupported by citations to the record renders them non-compliant with the Local Rules.

Third, Plaintiff has failed to comply with the general requirements for the submission of briefs in the Middle District. Under Local Rule 7.8,

> "(a) Contents of Briefs. Brief shall contain complete citations of all authorities relied upon, including whenever practicable, citations to both official and unofficial reports. No brief may incorporate by reference all or any portion of another brief. A copy of any unpublished opinion which is cited must accompany the brief as an attachment. The brief of the moving party shall contain a procedural history of the case, a statement of facts, a statement of questions involved, and argument. The brief of the opposing party may contain a counter statement of material facts and of the questions involved and a counter history of the case. If counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted…"

In this case, Plaintiff has failed to include a procedural history of the case, a designated statement of facts, any recitation of the questions presented by her Motion, and no argument regarding the basis of her Motion for Summary Judgment. The only clear thing contained in the Plaintiff's Brief is her request for damages, which are unsupported by the Brief itself. Thus, Plaintiff has also failed to comply with Local Rule 7.8, and for that reason her Motion and Brief should be struck from the record.

Finally, however, Plaintiff has also failed to timely file her Motion and Brief in Support. On July 30, 2003 a Case Management Order was entered in this case directing that all dispositive motions be submitted no later than March 1, 2004. Plaintiff, however, filed her motion and brief on March 15, 2004, fourteen days after the deadline imposed by the Case Management Order. For that reason, Plaintiff has failed to timely file her Motion and Brief in this case, and therefore both should be struck from the record.

## IV. CONCLUSION

For the foregoing reasons, Defendants pray the Court strike the Plaintiff's Motion for Summary Judgment and Brief in Support thereof.

> Respectfully submitted,
>
> THOMAS, THOMAS & HAFER, LLP
>
> **S/Paul J. Dellasega**
>
> By:_____
> Paul J. Dellasega, Esquire
> Atty. No.: 23146
> 305 North Front Street
> Sixth Floor, P.O. Box 999
> Harrisburg, PA  17108
> (717) 255-7602
>
> Attorneys for Defendants

DATE:  March 19, 2004
:283477.1

## **CERTIFICATE OF SERVICE**

I, Paul J. Dellasega, attorney with the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA  17110

**THOMAS, THOMAS & HAFER, LLP**

**s/Paul J. Dellasega**

_____
Paul J. Dellasega

DATED:  March 19, 2004