*IN THE UNTIED STATES DISTRICT COURT*
*FOR THE MIDDLE DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **SHIRLEY A. BANKS-BENNETT,** | : | 1: CV-01-1241 |
| *Plaintiff* | : | |
| v. | : | JUDGE KANE |
| **INGRAM MICRO U.S., et al,** | : | |
| | : | ELECTRONICALLY FILED |
| *Defendants* | : | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

**I.   ARGUMENT**

Plaintiff has filed a Brief in Opposition to Defendants' Motion for Summary Judgment in this matter to which Defendants now respond. In her Brief in Opposition, most of which is virtually unintelligible, Plaintiff appears to continue to assert that she has made out a prima facie case of retaliation merely because she claims to have complained that she was being discriminated against on the basis of her race and thereafter lost her job.

However, Plaintiff has provided no evidence in support of her theory of the case. In her "brief", Plaintiff has merely responded, by numbered paragraph, to each paragraph of Defendants' Motion for Summary Judgment. In responding to such Plaintiff, has done nothing other than cite to "facts" which fundamentally have no bearing on the termination at issue in this case. Moreover, the facts set

forth by the Plaintiff either do not contain citations to those portions of the record supporting them or, where Plaintiff does cite to the record, the record does not directly reflect the facts as alleged.

For instance, Plaintiff notes that Barry Wharton did not hire Aaron Bobb, that he was hired by Peter Hoffman with the approval of Vicki Smith. However, she has cited to no pleading, affidavit, answer to interrogatory, admission, or affidavit which supports this contention. When Plaintiff does refer to a portion of the record to support her contention, the material referred to does not in fact reflect the fact recited. By way of example, Plaintiff refers in paragraph 3 to "Exhibit 7", which purportedly supports her assertion that there were ten employees working at Drexel Group, Inc., and that Plaintiff was a temp to perm employee from 04/07/97 to 08/25/97. However, Exhibit 7 does not contain Plaintiff's name or employment status as suggested, nor does it clearly support her assertion that there were 10 Drexel Group employees. As such, Plaintiff has failed to sustain her burden under Fed. R. Civ. P. 56(e) to show that there is a genuine issue of material facts by way of affidavits or other materials supporting her apparent assertion that there are material issues warranting a trial in this matter.

Additionally, the one statement submitted by the Plaintiff in support of her brief in opposition which she asserts supports her theory is an unsworn statement. Under the Federal Rules of Civil Procedure, summary judgment is appropriate if

all pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). It has been recognized in other courts, and in an unreported decision of this court in the case of Williams v. Quaker Oats, docket no. 1:CV-01-1415, that unsworn affidavits are incompetent to raise fact issues precluding summary judgment. See Nissho-Iwai An. Corporation v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1998); see also Brady v. Blue Cross, 767 F. Supp. 131 (N.D. Tex. 1991); Gordon v. Watson, 622 F.2d 120 (5th Cir. 1980).

In this case, Plaintiff's one statement presumably submitted as an affidavit in support of her contention that there is a genuine issue of material fact is a statement previously given by Ken Goodwin of Ingram Micro. The statement, which had been previously submitted by Defendants to the PHRC, is not notarized. It does not indicate that the affiant understands that he will be subject to punishment for perjury if the statements are untrue. Finally, it has not been verified as true and correct. Thus, it is insufficient to create a genuine issue of material fact that will preclude summary judgment in favor of Defendants.

Even if the unsworn statement submitted by the Plaintiff in opposition to Defendants' Motion for Summary Judgment were to be considered by this Court, the fact remains that it does not establish a genuine issue of material facts

3

sufficient to deny to summary judgment in this case. The statement merely sets forth the assertion of Ken Goodwin that he recalls having a conversation with Vicki Smith and the Plaintiff at which time Vicki Smith told the Plaintiff that Ingram Micro had the right to hire anyone they wanted. The mere fact that this statement was made does not establish that the Plaintiff was subjected to a hostile work environment as she claims. It does not show discrimination in any way, shape, or form, as an employer does in fact generally have the right to hire and fire in Pennsylvania as it deems fit. While certainly there are limitations on this right in that the employer cannot discriminate against a protected class in making those decisions, the mere fact that a Defendant made such a statement does not evidence discrimination against Plaintiff.

    Moreover, as set forth in Defendant's original Motion and Brief in Support of Summary Judgment, Plaintiff has already admitted that her termination was not a result of discrimination or retaliation on the part of Defendants but was due to the fact that Plaintiff's position became obsolete after the purchase of a box-making machine. Because Plaintiff has admitted that her termination was not causally related to any alleged actions which would make her a whistleblower under the meaning of the Act, she cannot establish a prima facie case of retaliation. Therefore, summary judgment is properly granted in Defendants' favor.

## IV. CONCLUSION

For the foregoing reasons, Defendants Ingram Micro U.S., Ingram Micro Branch #80, Ken Goodman and Bill Munley respectfully requests that this Court grant their Motion for Summary Judgment and dismiss the Plaintiff's Complaint with prejudice.

                Respectfully submitted,

                THOMAS, THOMAS & HAFER, LLP

                    **s/Paul J. Dellasega**

By: _____
      Paul J. Dellasega, Esquire
      Atty. No.: 23146
      305 North Front Street
      Sixth Floor, P.O. Box 999
      Harrisburg, PA  17108
      (717) 255-7602

      Attorneys for Defendants

DATE:  March 19, 2004
:283673.1

## **CERTIFICATE OF SERVICE**

I, Paul J. Dellasega, attorney with the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA  17110

**THOMAS, THOMAS & HAFER, LLP**

**s/Paul J. Dellasega**

_____
Paul J. Dellasega

DATED:  March 19, 2004