IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIRLEY A. BANKS-BENNETT, | : | 1: CV-01-1241 |
| *Plaintiff* | : | |
| v. | : | JUDGE KANE |
| INGRAM MICRO U.S., et al, | : | |
| | : | ELECTRONICALLY FILED |
| *Defendants* | : | |

**PRETRIAL MEMORANDUM OF DEFENDANTS**

A. **STATEMENT AS TO FEDERAL COURT JURISDICTION**

Federal jurisdiction in this matter is based upon a federal question.

B. **SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

This case arises out of a Complaint filed by the Plaintiff alleging that she was discriminated against on the basis of her age, race, and sex by the Defendants. Specifically, the Plaintiff alleges that she was denied a promotion to a full-time position with Ingram Micro Branch #80 because of her race. Plaintiff further alleges that after she filed a claim with the Pennsylvania Human Rights Commission on this allegation, Defendants terminated her part-time position as a box maker in retaliation.

Plaintiff performed box-making functions at Ingram Micro in January of 1997. Plaintiff obtained this position with Ingram Micro by way of the Drexel Group, a temporary employment agency from which Ingram Micro occasionally hired part-time, temporary employees. As a temporary employee, Plaintiff was never employed by the Defendant. Approximately 90% of the

1

Plaintiff's time was spent making boxes for Defendants, although she was also required to perform routine clean-up duties.

During the Plaintiff's time at Ingram Micro, Plaintiff alleges that she applied for but was denied various full-time positions with the company. Plaintiff alleges that this failure to promote was discriminatory in nature, and filed a charge with the PHRC in July of 1997.

Defendants assert that the decisions made as to who to hire, and specifically the decision to hire three Latina females which the Plaintiff takes issue with in her Complaint, was made on the basis of the personal, first-hand knowledge of the work ethic of those employees and not on the basis of discrimination against the Plaintiff. In fact, Defendant will show that the individual with authority to hire and fire employees for the position desired by Plaintiff was made by a manager who did not even know Plaintiff, let alone that she had ever filed a complaint of discrimination. Moreover, Defendant can show, as described below, that Plaintiff <u>admitted</u> that decision to hire the three Latinas was made on the basis of personal, firsthand knowledge and that the decision not to hire Plaintiff was merely based on the fact that the manager did not know her.

In September of 1997, Defendants purchased a box-making machine which rendered the Plaintiff's position obsolete. As a result of the purchase of this machine, all temporary, part-time box maker positions were eliminated, including the Plaintiff's. Plaintiff admits that her termination was due to the purchase of this box machine, as opposed to any alleged discrimination.

Defendants thus assert the following. First, that Plaintiff has failed to establish a prima facie case of discrimination in that she cannot show a causal connection between her lack of a promotion and/or ultimate termination and any discriminatory animus. Even if the Plaintiff could

2

produce evidence sufficient to sustain her burden of proof, Defendants can show a legitimate, non-discriminatory reason for her termination in that her position was eliminated with the purchase of a machine which performed the primary functions of her position. Finally, that Plaintiff herself has admitted that she was not retaliated against for filing a complaint with the PHRC, and that she was not terminated for filing a complaint of discrimination.

C. **COMPREHENSIVE STATEMENT OF UNDISPUTED FACTS**

Plaintiff did not initiate an attorney conference prior to the Pretrial Conference in this matter as required by Local Rule 16.3, and therefore there is no comprehensive statement of undisputed facts as a result of that conference. However, Plaintiff's failure to respond to three sets of Requests for Admissions served by Defendants have resulted in the following facts being admitted by the Plaintiff.

1. Plaintiff was assigned to work at Defendant's facility by the Drexel Group, Inc., a temporary employment agency. While working at Defendant's facility, Plaintiff at all times remained an employee of the temporary employment agency.

2. As an employee of the temporary employment agency, Plaintiff was never an employee of the Defendant.

3. Under the agreement between Defendant and the Drexel Group, Inc., a temporary employee of Drexel, assigned to work for Ingram Micro, may be removed from that assignment by either Ingram Micro or Drexel at the option of either and without advance notice.

4. On August 13, 1997, Defendant Vicki Smith did not state to the Plaintiff that "Why would you (Plaintiff) want to work for us."

5. On August 13, 1997, Plaintiff did not state to Defendant Vicki Smith, "You don't have the right to discriminate against me."

6. On August 18, 1997, Ingram Micro did not refuse Plaintiff employment in retaliation for her filing a claim for discrimination.

7. On September 29, 1997, Ingram Micro did not discharge Plaintiff in retaliation for filing a Complaint of discrimination.

8. Peter Hoffman never told the Plaintiff that if it was up to him, she would be hired "today".

9. Plaintiff was not refused employment because of any complaining. To the contrary, Plaintiff's employment ended when the work assignment she was given came to an end.

10. Since the filing of this Complaint, Plaintiff has been totally disabled.

11. Barry Wharton is currently employed by Ingram Micro as Admin Quality Manager.

12. In August 1997, Barry Wharton was employed by Ingram Micro as Repack Manager. In that capacity Wharton supervised approximately forty employees. Of those forty employees, six were temporary employees – meaning that they were not officially employed by Ingram Micro but were employed by a temporary employment agency, whose services Ingram Micro utilized.

13. A temporary employee has no right to continued employment with Ingram Micro and works at Ingram Micro's request as an employee of the employment agency on a day by day basis.

14. Sometime in August 1997 Wharton developed three vacancies for full time employees in his department. In his position as Repack Manager, Wharton had the ability to

effectively recommend to Human Resources the individuals he would like to see working for him and to have them hired as permanent employees.

15. When Wharton was considering who to hire, he reviewed his department's Labor Trackers. The Labor Trackers show on an objective basis the production levels of each employee or temporary employee over a set period of time, weekly, monthly, or daily.

16. A review of the Labor Tracker Records show that all of the employees in his department had production levels that were pretty close to being equal and there were no significant differences that made one employee stand out over another.

17. Wharton had three temporary employees named Gloria Chavec, Teresa Chavec, and Piedad Lara. These three employees impressed Wharton because at the end of each night he noticed that they always:

(a) Continue to recon products, an important function of the department;

(b) Continue to clean up their work area; and

(c) Without being told or instructed, finished up all of the duties they had been

assigned so at the end of the shift there were no concerns as to the satisfactory completion of their assigned duties.

18. For the reasons outlined in the preceding paragraph, Wharton thought that these three individuals would make excellent permanent employees.

19. On a date in August 1997, Wharton went to the Human Resources Department and relayed all the foregoing information to Vicki Smith, the Human Resources Manager. Wharton asked for the OK to extend offers of permanent employment to these three ladies and was given permission to do that, as was the custom and routine when he made the recommendation that someone be hired.

20. Wharton had never heard of Shirley Banks-Bennett prior to the institution of this litigation.

21. Box making functions are not one of the jobs that were within Wharton's area of responsibility.

22. Since Wharton had never heard of Banks-Bennett or the fact that she had filed a PHRC Complaint, Wharton's decision to hire the three Hispanic women referred to herein was unrelated to Banks-Bennett's PHRC Complaint.

23. Subsequent to the institution of this litigation, Wharton was advised that Banks-Bennett was a temporary employee who had performed box making functions for Ingram Micro. Box making functions are not one of the jobs that fall within Wharton's responsibility. Wharton had never heard of Banks-Bennett or the fact that she had filed a PHRC Complaint at the time he made the recommendation to hire the three other female minority temporary employees.

**D.   STATEMENT OF DAMAGES**

Defer to Plaintiff.

**E.   WITNESSES**

**Non-Expert Witnesses:**

1.  Shirley A. Banks-Bennett
    2649 Waldo Street
    Harrisburg, PA  17110

2.  Aaron Torres
    20531 NW 7th St
    Pembroke Pines, FL 33029

3.  Robert Scott
    114 Comanche Dr.
    Millington TN 38053

4. Barry Wharton
   1529 Sheep Ford Rd.
   Mechanicsburg, PA 17055

5. Vicki Smith
   302 Cambridge Court
   Palmyra, PA 17078

6. Ken Goodwin
   P.O. Box 1081
   Waskorn, TX 75692

7. Bill Munley
   214 Lopax Rd.
   Harrisburg, PA 17112

8. Rick Bortz
   5 Naragansett Dr.
   Mechanicsburg, PA 17055

Defendant reserves the right to call any and all witnesses listed by Plaintiff.

**Expert Witnesses:**

None at this time. Defendant reserves the right to call any and all experts listed by Plaintiff.

**F.   TESTIMONY OF EXPERT WITNESSES**

None at this time. Defendant reserves the right to supplement this response at a later date.

**G.   SPECIAL COMMENTS ABOUT PLEADINGS OR DISCOVERY**

None at this time. Defendant reserves the right to supplement this response at a later date.

**H.   SUMMARY OF LEGAL ISSUES AND LEGAL AUTHORITY RELIED UPON**

A.   Plaintiff cannot prove a prima facie case of race discrimination because she cannot establish a causal connection between her termination and any discriminatory animus.

    B.    Plaintiff cannot prove a prima facie case of retaliation for the filing of a charge of race discrimination because she cannot establish a causal connection between Defendants' failure to hire her for a permanent position and the filing of her charge with the PHRC.

    C.    Even if the Plaintiff could prove a prima facie case of discrimination, Defendants can prove a legitimate, non-discriminatory reason for the Plaintiff's termination in that she was terminated when the essential functions of her job were rendered obsolete.

**I.    STIPULATIONS DESIRED**

Stipulations are desired as to the authenticity of the trial exhibits.

**J.    ESTIMATED NUMBER OF TRIAL DAYS**

It is estimated that trial of this matter will take 3 days.

**K.    OTHER MATTERS PERTINENT TO THE CASE TO BE TRIED**

None.

**L.    EXHIBITS**

See Exhibit "A" attached hereto.

**M.    SPECIAL VERDICT QUESTIONS**

None at this time. Defendants reserve the right to supplement this response at a later date.

**N.    PERSON OR COMMITTEE WITH SETTLEMENT AUTHORITY**

Counsel for Defendants have notified an individual with complete settlement authority of the requirements set forth in Local Rules 16.2 regarding availability at the time of the pretrial conference.

O.  **DEPOSITIONS AND VIDEOTAPES**

No depositions and/or videos were taken in this case.

                                      Respectfully submitted,

                                      THOMAS, THOMAS & HAFER, LLP

                                      **s/Paul J. Dellasega**

**Date: May 14, 2004**        By: _____

:291710.1                                Paul J. Dellasega, Esquire
                                        Atty. No.: 23146
                                        305 North Front Street
                                        Sixth Floor, P.O. Box 999
                                        Harrisburg, PA 17108
                                        (717) 255-7602

                                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I, Paul J. Dellasega, attorney with the law firm of Thomas, Thomas & Hafer, LLP, hereby certify that a copy of the foregoing document was served upon the following, by enclosing a true and correct copy in an envelope addressed as follows, postage prepaid:

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA  17110

                          **THOMAS, THOMAS & HAFER, LLP**

                          **s/Paul J. Dellasega**

                          _____
                          Paul J. Dellasega

DATED:   May 14, 2004