**FILED**
HARRISBURG, PA

MAY 21 2004

MARY E. D'ANDREA, CLERK
Per
Deputy Clerk

IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SHIRLEY A. BANKS-BENNETT                    **CIVIL ACTION NO.:**
(Plaintiff)                                 1: CV-01-1241

INGRAM MICRO U.S. et al.                    J. Kane
(Defendants)

### PLAINTIFF PRE-TRIAL MEMORANDUM

A1.  Claim Whistleblowing Protection Act of 1989.
A2.  Retaliation claim under Title VII of the Civil Right Act 1964
B1.  Shirley A. Banks-Bennett is a whistleblower. Bill Munley, Vickie Smith (who is no longer there), Ken Goodman, violating law who were acting under color of an employee's authority. Shirley A. Banks-Bennet, plaintiff, suggests complaining to Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, docket #E85223 A.D., EEOC Charge No. 17f980434 because plaintiff was a whistleblower. Plaintiff put in an application for employment on or about 04/01/07. On or about July 31, 1997, defendant put a sign out in the front of the building advertising opportunities. Complaint was served on defendant on 08/08/97. Vickie Smith hired three more temporary employees. Five people were hired off the street for the same position that the plaintiff had already been working as a temporary employee. Plaintiff should have been one. Plaintiff was reviewed as a whistleblower.

B2:  1.)  She was a member of a protected group.
     2.)  She was qualified in her position as a picker, box-maker and their shipping clerk.
     3.)  She sustained adverse employment action by being terminated on 09/29/97.
     4.)  Her job duties were thereafter performed by a 04/07/97 – 08/25/97.
          Eric Aubet – 20 years old, white male DOH 08/18/97
          Aron Bobb – 23 years old, white male DOH 05/19/97
          Anh Schiavoni A. – Indian female DOH 04/07/97
          Lor Schneck – white female DOH 05/09/97
          Deanna Snyder – white female DOH 05/19/97
          5 people were hired off the street.

B3.  McDonnell Douglas V. Green, 411 US 792 93 S. Ct. 1817, 36 L. Ed.2d.688
(1973) EEOC
Sue Ellen Morris V. Southern Bell Telephone and Telegraph Company, EEOC.
783 F. Supp. 1386

C.  Defendant did not initiate an attorney conference prior to the pre-trial conference
in this matter as required by Local Rule 16.3 and there is no Comprehensive
Statement of undisputed fact as a result at that conference.

D.  Plaintiff seeks lost wages, all benefits taxable given to a full-time, 2:30 p.m. to
11:00 p.m. employee, pay raises, personal holidays, vacation and bonuses for a
period 04/01/97 through 06/14/03. Plaintiff seeks punitive and compensatory
damages (tax-free) 1997, pecuniary losses, emotional pain and suffering,
inconvenience, mental anguish and loss of enjoyment of life and other non-
pecuniary losses, $800,000.00. Plaintiff also requests all benefits available to all
active employees up to age 62, including, but not limited to health benefits, dental
benefits, prescription medication plan, retirement, profit sharing, etc.

E.  Defer to Defendant non-expert witnesses. Plaintiff reserves the right to call any
and all witnesses listed by defendant.

F.  None at this time. Plaintiff reserves to supplement at a later date.

G.  Discovery, there is no statement of Bill Munley.

H.  To establish prima facie case of the whistleblower retaliation, employee needs to
show that he has exhausted his remedies, that he made protected disclosure, that
he was subjected to personnel action, and that disclosure was contributing factor
in agency's personnel action. Joseph Carson (DOE/OHA, 02/17/99, Case No.
VWA-0026.

I.  Subpoena Human Resource Manager, #80 from Ingram Micro. Shipping clerk,
full- time employee, pay raises, personal holidays, vacation and bonuses for
period of 04/01/97 to future.

J.  2 days.

K.  None.

L.  Exhibits. See Exhibits "AI" attached here to.

M.  Whistleblowing Protection Act 1989 claim. Retaliation claim under Title VII of
The Civil Right Act 1964.

N.  N/A

O.  Deposition and video tapes. No deposition or videotapes were taken in this case.

Wherefore, plaintiff is entitled to relief and for the defendant to pay.

Respectfully Submitted,

Shirley A. Banks-Bennett

Date: 5-21-04

Shirley A. Banks-Bennett
2649 Waldo Street
Harrisburg, PA 17110
717-232-1989

## LIST OF EXHIBITS

CASE CAPTION: Banks-Bennett v. Ingram Micro, et al.
MIDDLE DISTRICT OF PENNSYLVANIA

CASE NUMBER: 1: CV-01-1241
JUDGE:    The Honorable Yvette Kane

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| 1 | | The complete Pennsylvania Human Retaliation Commission File. | | | | |
| 2 | | All pleadings | | | | |
| 3 | | 5/7 Job Fair. | | | | |
| 4 | | Respondent answer | | | | |
| 5 | | Banks-Bennett v. Ingram Micro U.S. et. Al. C.A. No: 1: CV-01-1241 (M.D. PA) | | | | |
| 6 | | Shirley A. Banks-Bennett Employment application | | | | |
| 7 | | Statement of Ken Goodman, Aaron Torres, Bob Scott and Barry Wharton | | | | |
| 8 | | Notice to Right to Sue | | | | |
| 9 | | 2 pages of hired employees, 04/01/97 – 08/31/97 from Ingram Micro | | | | |
| 10 | | Shirley A. Banks-Bennett Employee History Report | | | | |
| 11 | | 07/12/97 to 07/18/97 Hot Replenishment p.m. | | | | |

## CERTIFICATE OF SERVICE

PAUL J. DELLASEGA, ESQ.
#23146
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
(717) 255-7621


_____
Shirley A. Banks-Bennett

_____5 - 2 1 - 04_____
Date

(3) Copies