IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY A. BANKS-BENNETT,** : | | **CIVIL ACTION NO.** |
| **Plaintiff** | : | **1:CV-01-1241** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **INGRAM MICRO U.S., et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant's motion for summary judgment (Doc. No. 33), Plaintiff's motion for summary judgment (Doc. No. 40), and Defendant's motion to strike (Doc. No. 43). The motions have been briefed and are ripe for consideration. For the reasons that follow, the Court will grant Defendants' motion for summary judgment, deny Plaintiff's motion for summary judgment, and deny Defendants' motion to strike as moot.

**I.     Background**

In 1997, Plaintiff, an African-American female, obtained a temporary work assignment with Defendant Ingram Micro U.S. ("Ingram Micro") through the Drexel Group, Inc. ("Drexel"), a temporary employment agency through which Ingram Micro hired part-time, temporary workers. As such, Plaintiff was not an employee of Ingram Micro. While at Ingram Micro, Plaintiff was assigned to work as a part-time box maker, although she also performed certain other discrete tasks, including routine cleanup.

During her brief tenure at Ingram Micro, several full-time positions became available for which Plaintiff applied but was not hired. Claiming that Ingram Micro's decision not to hire her to a full-time position was discriminatory, Plaintiff filed a complaint with the Pennsylvania Human Rights Commission

("PHRC") in July 1997. According to both Plaintiff and Defendants, Ingram Micro hired a small number of full-time employees during 1997, including three hispanic females.[1]

In September 1997, Ingram Micro acquired a box-making machine that rendered unnecessary all part-time box makers. Accordingly, in September 1997, Ingram Micro eliminated all temporary box-making positions, including the temporary position held by Plaintiff.

On July 3, 2001, Plaintiff commenced this action by filing a pro se complaint. (Doc. No. 1.) The complaint contains allegations that, when read liberally, claim that Ingram Micro discriminated against Plaintiff on the basis of her age, race and/or gender. Additionally, the Complaint suggests that Plaintiff was subjected to a hostile work environment and was discharged from her position with Ingram Micro in retaliation for filing her complaint with the PHRC. Defendants filed an answer to the complaint on October 8, 2002. (Doc. No. 17.)

## II.    Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-51 (1986). When deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party, who is "entitled to every reasonable inference that can be drawn from the record." Merkle v. Upper

---

[1] It is not clear how many full-time employees Ingram Micro hired during this time. In the complaint, Plaintiff alleged three such employees were hired. In subsequent pleadings, Plaintiff alleged five employees were hired, although she has submitted no evidence in support of this claim.

Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). However, the non-moving party may not simply sit back and rest on the allegations in his complaint; instead, he must "go beyond the pleadings and by [her] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Id. at 322.

**III.   Discussion**

    **A.   Employment Discrimination**

As noted, Plaintiff has alleged that Defendants discriminated against her on the basis of race, and/or gender, and/or age in refusing to hire her as a permanent employee. Viewing the complaint liberally, the Court will construe the complaint as alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Pennyslvania Human Relations Act ("PHRA").[2]

Claims of employment discrimination under Title VII, the ADEA, and the PHRA are similarly evaluated in accordance with the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 382 (3d Cir. 2002) (applying the McDonnell Douglas analysis to PHRA claim); Narin v. Lower Merion Sch. Dist., 206 F.3d 323, 331 (3d Cir. 2000)(applying the same analysis to ADEA claim); Fuentes v. Perskie, 32 F.3d

---

[2]   The Court construes pro se complaints and pleadings liberally. Boag v. MacDougall, 454 U.S. 364, 365 (1982); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

759, 763 (3d Cir. 1994) (applying same analysis to Title VII claim). Pursuant to the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of discrimination by a preponderance of the evidence. Fuentes, 32 F.3d at 763. In order to establish a prima facie case of discrimination, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the job; (3) defendant employer refused to hire her despite those qualifications; and (4) the job remained open and defendant sought applicants with her qualifications. Id. (citing McDonnell Douglas, 411 U.S. at 802).

If a plaintiff presents a prima facie case of discrimination, the defendant must articulate some legitimate, nondiscriminatory reason for its actions. Id. Finally, if the defendant articulates such a reason, the plaintiff must establish that the defendant's proffered reason for failing to hire her was pretextual. Id. Thus, if the plaintiff establishes a prima facie case of discrimination, and defendant articulates a non-discriminatory reason for not hiring her, the plaintiff may survive summary judgment only if she presents evidence from which a reasonable fact finder could either disbelieve defendant's articulated legitimate reasons or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action. Fuentes, 32 F.3d at 763.

As an initial matter, in both her motion for summary judgment and her brief in opposition to Defendants' motion for summary judgment, Plaintiff has proffered little to no evidence in support of the allegations set forth in her complaint, and the evidence Plaintiff has submitted is not relevant to her claims. Indeed, Plaintiff's motion for summary judgment is somewhat puzzling and consists of only four enumerated statements, which read:

4

      1.      Pro se plaintiff, this is her right to file counter-affidavits.[3]

      2.      Responsive material.

      3.      Fair Notice requirement of Summary Judgement [sic].

      4.      June 14, 20034, plaintiff became disabled.[4]

(Doc. No. 40.) In her brief in support of summary judgment, Plaintiff merely restates the allegations contained in the complaint, insofar as she alleges that she was denied full-time employment because she was a self-described "whistleblower" by virtue of filing a complaint with the PHRC alleging that Ingram Micro discriminated against her. (Doc. No. 41.) Moreover, Plaintiff claims that Ingram Micro elected to hire five people "off the street for the same position that the plaintiff had already been working as a temporary employee." (Id.)[5] Plaintiff offers no evidence in support of these allegations. Indeed, in her supporting brief, Plaintiff offers neither allegations nor evidence regarding her claims of race, age, and/or gender discrimination.[6]

    On this basis of this meager showing, the Court cannot conclude that Plaintiff has established a prima facie case of employment discrimination. Although the Court notes that Plaintiff is a member of a protected class, Plaintiff has not offered any other evidence to satisfy her burden of establishing a prima facie case of employment discrimination. Mere unsupported

---

[3] Plaintiff did not, in fact, file any affidavits in support of either her motion for summary judgment or her brief in opposition to Defendants' motion for summary judgment.

[4] Plaintiff has not alleged claims of discrimination on the basis of a disability.

[5] As noted previously, in the complaint, Plaintiff alleged that Ingram Micro only hired three "Hispanic females" from Drexel.

[6] The balance of Plaintiff's brief in support of summary judgment is simply a prayer for damages of $1.8 million, together with a summary of the types of damages she has allegedly suffered as a result of not receiving full-time employment with Ingram Micro.

allegations are insufficient at the summary judgment stage to carry her burden of establishing a prima facie case of employment discrimination.

However, even assuming arguendo that Plaintiff established a prima facie case of employment discrimination, Defendants have offered evidence of a non-discriminatory reason for electing not to hire Plaintiff in favor of other qualified applicants.  For example, Defendants attached the affidavit of Barry Wharton, Ingram Micro's "Admin Quality Manager," who testified as follows:

- In August 1997, Mr. Wharton was serving as a "Repack Manager" with Ingram Micro and oversaw 40 employees.  In this capacity, Mr. Wharton had the "ability to effectively recommend to Human Resources the individuals I would like to see working for me and to have hired as permanent employees."

- In making his determination whom to hire, Mr. Wharton referred to "Labor Trackers," which demonstrate on an objective basis production levels of all employees over a set period of time (e.g., daily, weekly or monthly).

- Three temporary employees, Gloria Chavec, Theresa Chavec and Piedad Lara, impressed Mr. Wharton because they performed important functions, maintained clean work areas, and finished all assigned duties without having to be told or instructed.

- Mr. Wharton advised Ingram Micro's human resources department that he wished to extend offers of full-time employment to the abovementioned temporary employees.

- At no time was Mr. Wharton responsible for supervising Plaintiff and, in fact, did not know of Plaintiff or the fact that she filed a complaint with the PHRC against Ingram Micro.  Accordingly, Mr. Wharton testified that neither Plaintiff nor her complaint with the PHRC had any impact on his decision to offer permanent employment to certain other employees.

(Affidavit of Barry Wharton, attached as an unnumbered exhibit to Doc. No. 33.)  Additionally, Defendants have offered testimony from Ingram Micro's Senior Operations Manager that Plaintiff's temporary employment was terminated as a consequence of Ingram Micro's acquisition

of a box-making machine, which rendered Plaintiff's continued employment unnecessary. (Affidavit of Bob Scott, attached as an unnumbered exhibit to Doc. No. 33.)

In response to Defendants' evidence of legitimate, non-discriminatory reasons for not hiring her, Plaintiff has not made any showing that Defendants' proffered reasons were pretextual. Thus, although Plaintiff "suggests" that by "complaining" she was refused permanent employment, uncontradicted evidence proffered by Defendants indicates that Ingram Micro elected to hire different workers due to their superior skills and effort, and that Plaintiff was terminated when her job was rendered unnecessary by the acquisition of a box-making machine. (Complaint, at 4.)

Presumably as evidence of Defendants' alleged discrimination against her, Plaintiff attached the following documents to her brief in opposition to Defendants' motion for summary judgment: (1) a copy of her employment application to Ingram Micro dated July 24, 1997; (2) a statement regarding her prior criminal history; (3) an affidavit of Ken Goodwin, Director of Ingram Micro, in which he states, among other things, that he heard Ingram Micro's human resources director advise Plaintiff that the company "reserved the right to hire whatever employees it wanted"; (4) exhibits setting forth the name, title, race, and other information of various persons the Court presumes to be Ingram Micro employees; and (5) exhibits of work shift schedules for the period July 12, 1997 to July 18, 1997. Plaintiff has not advised the Court what significance any of these documents have with respect to this case or to Plaintiff's allegations against Defendants. The documents do not even suggest that Defendants' proffered non-discriminatory reasons for not hiring Plaintiff, or in terminating her temporary employment, were pretextual. The Court has reviewed the attached exhibits and cannot discern what relevance they may have to Defendants' proffered reasons for not hiring Plaintiff or for ultimately terminating all temporary box-making workers, including Plaintiff. The Court concludes that Plaintiff has not offered evidence that

would allow a fact finder to either disbelieve Defendants' articulated legitimate reasons or believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.  Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994).

In sum, the Court finds that Plaintiff has failed to establish a prima facie case of employment discrimination.  Moreover, even had Plaintiff established a prima facie case, Defendants have offered uncontradicted evidence of a legitimate, non-discriminatory reason why Plaintiff was not hired and why Ingram Micro elected to hire certain other qualified employees.  Furthermore, Defendants have offered uncontradicted evidence that Plaintiff's temporary employment was terminated after Ingram Micro acquired a machine that performed Plaintiff's box-making duties.  Plaintiff has not made any showing that Defendants' proffered non-discriminatory reasons were pretextual, as she is required to do under McDonnell Douglas in order to survive summary judgment.  Therefore, the Court finds that Defendants are entitled to summary judgment on Plaintiff's claims of employment discrimination.

**B.    Retaliation**

Plaintiff's complaint contains allegations that suggest she was retaliated against because she filed a complaint with the PHRC.  Viewed in the light most favorable to Plaintiff, the complaint appears to suggest that Plaintiff was either denied permanent employment, or was ultimately terminated, because she filed a discrimination complaint with the PHRC against Ingram Micro.

In order to maintain a viable claim of retaliation, a plaintiff must establish that:  (1) she engaged in a protected activity; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.  Robinson v. City of Pittsburgh, 120 F.3d 1286, 1299 (3d Cir. 1997).

It is undisputed that Plaintiff filed a complaint with the PHRC, and that Ingram Micro

declined to hire Plaintiff as a permanent employee and eventually terminated Plaintiff's temporary employment. However, Plaintiff has come forward with no evidence at all to suggest that there was a causal connection between her filing her PHRC complaint and Ingram Micro's decision not to hire her and, ultimately, to terminate her employment. In contrast, Defendants have proffered testimony of a legitimate, non-discriminatory reason why Plaintiff was not hired and why certain other temporary workers were hired to permanent positions. Moreover, Defendants have proffered testimony establishing a non-discriminatory reason for terminating Plaintiff's temporary employment. Plaintiff has offered no evidence to rebut Defendants' arguments. Accordingly, the Court finds that Plaintiff has not carried her burden of demonstrating a causal connection necessary to support her claim of retaliatory discharge and the Court will grant summary judgment in favor of Defendants with respect to this claim.

### C.    Hostile Work Environment

Plaintiff's complaint also alleges that certain employees at Ingram Micro subjected her to a hostile work environment "based on the fact that Plaintiff filed a complaint with the Pa. Human Relation Commission." (Complaint, at 2-3.) Ostensibly in support of this allegation, Plaintiff contends that an employee of Ingram Micro told her that temporary employees were "losers" and caused her to work until 2:00 a.m., which was after her shift should have ended.

To maintain a hostile work environment claim, a plaintiff must demonstrate that: (1) the employee suffered intentional discrimination on the basis of race, sex or some other protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same protected class in that position; and (5) the existence of respondeat superior liability. Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999) (citing Andrews v. City of Philadelphia,

895 F.2d 1469, 1482 (3d Cir. 1990)).

Initially, the basis of Plaintiff's hostile work environment allegations is not clear. Although she has generally alleged racial, and/or gender, and/or age discrimination at various places in the complaint, Plaintiff has not pleaded that any Ingram Micro employees subjected her to a hostile work environment on the basis of her race, gender or any other potentially protected basis. As far as the Court can tell, Plaintiff appears to be claiming that one of her supervisors made a negative comment about temporary employees and required that she work until 2:00 a.m., which was past her regular shift. These mere allegations are not sufficient to constitute a prima facie claim of hostile work environment. Furthermore, Plaintiff has come forward with no evidence in support of her allegations of a hostile work environment. As such, Plaintiff's showing is simply inadequate to survive summary judgment, and the Court accordingly finds that Defendants are entitled to summary judgment on Plaintiff's hostile work environment claim.

**IV.   Order**

And now, this 7th day of December, 2004, **IT IS HEREBY ORDERED THAT:**

    1.    Defendants' Motion for Summary Judgment (Doc. No. 33) is **GRANTED**;

    2.    Plaintiff's Motion for Summary Judgment (Doc. No. 40) is **DENIED**; and

    3.    Defendants' Motion to Strike (Doc. No. 43) is **DENIED** as moot.

The Clerk of Court is directed to close the file.


                                                                                                         S/ Yvette Kane
                                                                                                         Yvette Kane
                                                                                                         United States District Judge

December 7, 2004